IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 6818 |
| | ) |
| SPORTSART AMERICA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant SportsArt Industrial Co. Ltd.'s (SportsArt Industrial) motion to dismiss. The court notes that SportsArt Industrial has also filed a motion for leave to file a sur-reply, contending that Brown raised additional issues in his sur-reply. Although Brown did not raise new issues in his sur-reply, the court has considered SportsArt Industrial's filing in ruling on the instant motion. Therefore, SportsArt Industrial's motion for leave to file a sur-reply is granted. However, for the reasons stated below, SportsArt Industrial's motion to dismiss is denied.

## BACKGROUND

Plaintiff George Brown (Brown) alleges that on September 19, 2009, he was

1

injured while using a horizontal leg press machine (Leg Press) during physical therapy. Brown initially brought strict liability and negligence claims against Defendant Sports Art America, Inc. (SportsArt America), alleging that SportsArt America was the designer, manufacturer, seller and distributor of the Leg Press. On April 5, 2012, shortly after the instant action was reassigned to the undersigned judge, Brown filed a motion for leave to file an amended complaint adding SportsArt Industrial as a Defendant. After the parties briefed the issue of whether Brown should be granted leave to file a first amended complaint, the court granted Brown's motion.

On June 21, 2012, Brown filed his first amended complaint, alleging that both SportsArt America and SportsArt Industrial designed, manufactured, sold, assembled and distributed the Leg Press. Brown includes in his first amended complaint a strict liability claim brought against SportsArt America (Count I), a negligence claim brought against SportsArt America (Count II), a strict liability claim brought against SportsArt Industrial (Count III), and a negligence claim against SportsArt Industrial (Count IV). SportsArt Industrial now moves to dismiss the claims brought against it.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

SportsArt Industrial argues that the claims brought against it should be dismissed because they are barred by the statute of limitations.  Under Illinois law, the statute of limitations on Brown's claims is two-years.  735 ILCS 5/13-202.  Brown was injured on September 19, 2009.  Thus, the statute of limitations expired on Brown's claims on September 19, 2011.  Brown filed his original complaint on September 23, 2010, naming only SportsArt America as a defendant.  On April 5,

3

2012, Brown filed a motion for leave to file an amended complaint, and on June 21, 2012, Brown filed his first amended complaint adding SportsArt Industrial as a defendant. Thus, Brown's claims against SportsArt Industrial would be barred by the statute of limitations unless the first amended complaint relates back to the date of the original complaint.

SportsArt Industrial argues that the first amended complaint does not relate back to the date of the original complaint. Pursuant to Federal Rule of Civil Procedure 15(c)(1) (Rule 15(c)(1)),

> [a]n amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by [Federal] Rule [of Civil Procedure] 4(m) [(Rule 4(m))] for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1); *see also* Fed. R. Civ. P. 4(m)(requiring service of the complaint within 120 days of its filing). The purpose of Rule 15(c)(1) is "to balance the interests of the defendant protected by the statute of limitations with the preference . . . for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 130 S.Ct. 2485, 2494 (2010)(citations omitted). Illinois' relation-back rule,

4

735 ILCS 5/2-616(d), is substantively the same as Rule 15(c)(1). Therefore, the court need not separately consider Illinois law regarding relation-back in ruling on the instant motion.

I.  Whether SportsArt Industrial Knew or Should Have Known of Brown's Mistake

SportsArt Industrial argues that it should not have reasonably known that it was an intended defendant since Brown failed to request leave to amend his complaint until more than ten months after SportsArt America disclosed to Brown that SportsArt Industrial was the designer and manufacturer of the Leg Press, as opposed to SportsArt America. The Supreme Court has made clear that "the speed with which a plaintiff moves to amend [his] complaint . . . has no bearing on whether the amended complaint relates back." *Krupski*, 130 S.Ct. 2496 (also stating that Rule 15(c)(1) "plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them"). Instead, the relevant inquiry is whether "*within the period provided by Rule 4(m) for serving the summons and complaint*, the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added); *see also Krupski*, 130 S.Ct. at 2496-97 (stating that Rule 15(c)(1) "permit[s] a court to examine a plaintiff's conduct *during the Rule 4(m) period*" when assessing "the prospective defendant's understanding of whether the plaintiff initially made a 'mistake concerning the proper party's identity,'" and indicating that "[t]he

plaintiff's postfiling conduct is otherwise immaterial to the question whether an amended complaint relates back")(citations omitted)(emphasis added).

In his original complaint, filed September 23, 2010, Brown alleged that SportsArt America "designed, manufactured, sold, and distributed [the Leg Press] into the stream of commerce." (Compl. Par. 3). Brown also alleged that SportsArt America "had a duty to design manufacture, distribute, and sell the [Leg Press] so that it was neither defective, nor unreasonably dangerous" and a duty "to exercise due care in the design, testing, manufacturing, marketing, and selling of the [Leg Press]. . . ." (Compl. Par. 5, 8). In addition, Brown alleged that SportsArt America "[n]egligently and carelessly" designed and/or manufactured the Leg Press. (Compl. Par. 11). Therefore, the face of the original complaint clearly evinces a mistake by Brown in suing SportsArt America as the designer and manufacturer of the Leg Press. *Krupski*, 130 S.Ct. at 2494 (defining the term "mistake" and discussing examples relevant to Rule 15(c)(1)). SportsArt America removed the instant action to this court on October 22, 2010, and filed its answer to the complaint on October 29, 2012. Therefore, as discussed in more detail below, SportsArt Industrial knew or should have known within the period provided by Rule 4(m), based upon the allegations in the original complaint, that but for Brown's mistake, SportsArt Industrial would have been named as a defendant in this case.

With respect to SportsArt America's disclosure to Brown that SportsArt Industrial was the actual manufacturer and designer of the Leg Press, the disclosure occurred on July 19, 2011, which was before the statute of limitations expired but

6

well after the time-period prescribed in Rule 4(m). Thus, Brown's failure to act upon SportsArt America's disclosure before the statute of limitations expired could not have affected SportsArt Industrial's understanding within the Rule 4(m) time period as to whether Brown intended to sue SportsArt Industrial. As discussed above, under *Krupski,* the relevant inquiry is whether SportsArt Industrial knew or should have known of Brown's mistake during the period provided by Rule 4(m), not whether SportsArt Industrial came to believe, during the two month period between SportsArt America's disclosure and the expiration of the statute of limitations, that Brown had ultimately made a conscious decision not to pursue any claims against SportsArt Industrial. 130 S. Ct. at 2497-98 (reiterating that "any delay on [the plaintiff's] part is relevant only to the extent it may have informed [the defendant's] understanding *during the Rule 4(m) period* of whether [the plaintiff] made a mistake originally")(emphasis added); *see also Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011)(stating that "[t]he fact that the plaintiff was careless in failing to discover his mistake . . . is no longer a ground independent of prejudice for refusing to allow relation back").

SportsArt Industrial argues that *Krupski* is distinguishable from the facts of the instant case because in *Krupski*, "the original defendant was legally unable to provide relief," whereas in the instant action, "there is a legal cause of action available for Plaintiff to attempt to obtain relief from the distributor (SportsArt America)." (Reply 4, 6). Although SportsArt Industrial is correct that Brown may be able to succeed on a strict liability claim brought against SportsArt America, *see Winters v. Fru-Con*

7

*Inc.*, 498 F.3d 734, 745 (7th Cir. 2007)(indicating that in products liability cases, strict liability is not limited to designers or manufacturers, but extends to "all persons in the distributive chain of a defective product"), the Supreme Court in *Krupski* did not include the plaintiff's ability to recover from the originally named defendant as a dispositive factor in determining whether an amended complaint should relate back, but merely observed that such a fact was additional evidence that the prospective defendant knew or should have known of the plaintiff's mistake. *See Krupski*, 130 S.Ct. at 2497 (relying primarily on the face of the complaint, which the Court found "plainly indicated" that the plaintiff "misunderstood crucial facts regarding the two companies' identities"); *see also Joseph*, 638 F.3d at 559-60 (stating that since *Krupski*, "[t]he only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself"). As discussed above, the face of Brown's original complaint plainly indicates Brown's intention to sue the party that designed and manufactured the Leg Press. Further, in pursuing any claim for negligence, Brown will be required to prove specific causation by the defendant against whom the negligence claim is brought. *See Winters v*, 498 F.3d at 746 (stating that to succeed on a negligence claim, "the plaintiff must establish that the defendant owed

the plaintiff a duty of care, that the defendant breached that duty, and that the plaintiff was injured as a proximate result of such breach")(quoting *Gilley v. Kiddel,* 865 N.E.2d 262, 267 (Ill. App. Ct. 2007)).  Thus, *Krupski* is not distinguishable, as argued by SportsArt Industrial, and remains controlling in this case.

SportsArt Industrial also contends that Brown's inclusion in his first amended complaint of the original claims brought against SportsArt America demonstrates that Brown did not make a mistake when he filed his original complaint solely against SportsArt America.  However, in both his original complaint and his first amended complaint, Brown alleges strict liability and negligence claims based not only upon the design and manufacture of the Leg Press, but also based upon the sale and distribution of the Leg Press.  Thus, when he filed the original complaint, Brown clearly meant to bring strict liability and negligence claims against the entity or entities responsible for any such acts.  By including claims against both SportsArt America and SportsArt Industrial in his first amended complaint, Brown achieves his original intent.

SportsArt Industrial also argues that Rule 15(c)(1) is only applicable when a new party is substituted for a previously named defendant, and that it is not applicable when a new party is added as a defendant, such as in this case.  In support of its argument, SportsArt Industrial discusses *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 594 (7th Cir. 2006), at length.  However, *Hall* is no longer controlling law in light of the Supreme Court's decision in *Krupski.  See Joseph*, 638 F.3d at 559 (indicating that the Supreme Court's decision in *Krupski* "changed what we and

other courts had understood, in *Hall* and the other cases we cited, to be the proper standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint"). In addition, as previously discussed, the Seventh Circuit stated in *Joseph* that when applying Rule 15(c)(1), the court must determine "whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead *or in addition to* suing the named defendant." *Id*. at 559-60 (emphasis added). Such language demonstrates that Rule 15(c)(1) is applicable when a plaintiff names an additional party in an amended complaint. Thus, SportsArt Industrial's argument that Rule 15(c)(1) is not applicable in this case is without merit.

Finally, SportsArt Industrial argues that although it is SportsArt America's parent company, SportsArt Industrial did not receive notice of Brown's intention to sue SportsArt Industrial within the statutory time period. However, SportsArt America had knowledge within the relevant time period that it was mistakenly being sued as the designer and manufacturer of the Leg Press. The evidence before the court suggests that SportsArt America and SportsArt Industrial share an identity of interests. SportsArt Industrial is SportsArt America's parent company. In addition, SportsArt America actually filed an opposition brief in response to Brown's motion for leave to file an amended complaint adding SportsArt Industrial as a party. Further, after Brown's motion was granted and SportsArt Industrial was named as an additional defendant, SportsArt Industrial retained the same counsel to represent it as SportsArt America retained. Based upon such evidence showing that SportsArt

10

America and SportsArt Industrial are closely connected entities, SportsArt America would or should have informed SportsArt Industrial of this lawsuit since it relates to an alleged design or manufacturing defect in SportsArt Industrial's product. As discussed above, the face of the complaint plainly reveals that Brown made a mistake when he named SportsArt America as the only defendant, as opposed to naming both SportsArt America and SportsArt Inustrial. It is undisputed that SportsArt America and SportsArt Industrial are closely connected entities, not unrelated, isolated corporations. Thus, SportsArt Industrial knew or should have known of Brown's mistake during the relevant time period. In addition, SportsArt Industrial will not be prejudiced at this juncture in defending the instant action on the merits since no discovery has been done yet relating to the design and manufacture of the Leg Press, such discovery would be required in this case regardless of whether SportsArt Industrial remains a defendant, and discovery is not set to close until January 31, 2013. The court will entertain any motions for further extension of the discovery deadlines in this case. Given the preference expressed in the Federal Rules of Civil Procedure for resolving disputes on their merits and given that the requirements for relation back under Rule 15(c)(1) are satisfied, SportsArt Industrial's motion to dismiss is denied.

## CONCLUSION

Based upon the foregoing analysis, SportsArt Industrial's motion to dismiss is denied. All dates remain unchanged.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 25, 2012